# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| McKINLEY ROBINSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:05-CV-0702-DJS ) |
| THOMAS KING, JOHN DOES and JANE DOES, | ) ) ) |
| Defendants. | ) ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon the application of McKinley Robinson (Registration No. 34076) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six months period immediately preceding the submission of his complaint on May 2, 2005. *See* 28 U.S.C. § 1915(a)(1), (2). A review of applicant's account statement indicates an average monthly deposit of $121.67 and an average monthly account balance of $613.59. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $122.72, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

## The complaint

Plaintiff, a state prisoner currently confined at the Potosi Correctional Center ("PCC"), seek declaratory, injunctive, and monetary relief pursuant to 42 U.S.C. § 1983. Named as defendants are Thomas King, a PCC institutional investigator; and John Does and Jane Does, who are identified as employees of the Missouri Department of Corrections. Plaintiff, who is Muslim, alleges that his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution and under the Missouri Bill of Rights have been violated. Plaintiff states that defendants unlawfully used the grievance procedure to suppress his religious beliefs and to make and document false charges against him. Plaintiff further states that he is forced to eat "unclean food," *i. e.,* pork, which violates his religious dietary laws.

Plaintiff alleges that defendant King manufactured false charges and violated policy by refusing to disclose to him the results of a computer voice stress analysis test ("CVSA"). Plaintiff states that the CVSA test exonerated him of allegations of conspiracy to commit murder, assault and creating a disturbance. He asserts that defendants "maliciously and intentionally" provided the parole board with a full briefing on the murder conspiracy allegations but withheld the CVSA test evidence to punish him for participation in the Muslim community and in previous litigation.

## Discussion

Plaintiff's religion and retaliation claims do not appear to be legally frivolous nor fail to state a claim under § 1915(e) and should not be dismissed as this time. The Court finds that the complaint contains cognizable claims and that plaintiff has a reasonable opportunity to prevail on the

merits. *See* 42 U.S.C. § 1997e(g)(2). However, plaintiff has not named specific John Does and Jane Does as defendants. In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, the "employees of the Missouri Department of Corrections" are otherwise unidentified and are indeterminate in number. The complaint does not contain allegations specific enough to permit their identities to be ascertained. This is not permissible. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

Because plaintiff is a prisoner proceeding pro se and in forma pauperis, the Court will give him the opportunity to amend his complaint in accordance with the below instructions. Plaintiff is warned that his amended complaint will take the place of his original complaint and will be the only complaint which this Court reviews. Thus, plaintiff must include all of the defendants whom he wishes to sue in the caption of the complaint and set out specific facts against each of them in the complaint or risk dismissal of that defendant. If plaintiff cannot provide the actual name of a defendant, he may name that defendant as a John or Jane Doe but must also describe that defendant so that his or her identity may be ascertained after discovery.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.** *See* 28 U.S.C. § 1915.

4

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $122.72 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on the complaint against defendant Thomas King.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within thirty (30) days from the date of this order using the court-provided form for a prisoner filing a complaint under 42 U.S.C. § 1983.[1] Plaintiff shall set out the name of each defendant whom he wishes to sue in the caption of the complaint by either actually naming the defendant or, to the best of his ability, identifying each John Doe and Jane Doe defendant. If plaintiff needs additional space to name all of the defendants, he must attach an additional sheet to the complaint and clearly identify its purpose. In the Statement of Claim, plaintiff shall briefly set forth as to each named defendant the specific factual allegations supporting his religion and retaliation claims. Plaintiff may attach additional sheets to his Statement of Claim only if necessary to set out his claims as to each named defendant.

**IT IS FURTHER ORDERED** that the Clerk shall forward to plaintiff with a copy of this order the court-provided form for a prisoner to file a "Complaint Under the Civil Rights Act, 42 U.S.C. § 1983."

**IT IS FURTHER ORDERED** that plaintiff's failure to amend his complaint in

---

[1] The Court will order the Clerk to provide plaintiff with the proper form.

accordance with this Court's instructions will result in the dismissal of this complaint as to defendants, John Does and Jane Does, without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of an amended complaint, the Clerk shall resubmit this action to the Court for review pursuant to 28 U.S.C. § 1915(e).

Dated this  22nd  day of August, 2005.

  /s/Donald J. Stohr  
**UNITED STATES DISTRICT JUDGE**